UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE P. OLIVIER,<br><br>Plaintiff,<br><br>v.<br><br>SCOTT KERNAN,<br><br>Defendant. | Case No.: 1:17-cv-01367-DAD-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS BE DENIED<br><br>[ECF No. 9] |

**I.**

**INTRODUCTION**

Plaintiff Maurice P. Olivier is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action by a letter filed on August 25, 2017 sent to the Clerk of the Court of the Northern District of California. Subsequently, on September 21, 2017, Plaintiff filed a complaint in this action against Defendant Scott Kernan. (ECF No. 4.) On October 12, 2017, this matter was transferred from the Northern District of California to this Court. (ECF No. 11.)

Currently before the Court is Plaintiff's motion for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a), filed on October 5, 2017. (ECF No. 9.)

**II.**

**LEGAL STANDARD**

The Prison Litigation Reform Act of 1995 (PLRA) was enacted "to curb frivolous prisoner complaints and appeals." Silva v. Di Vittorio, 658 F.3d 1090, 1099-1100 (9th Cir. 2011). Pursuant to

1

the PLRA, the in forma pauperis statue was amended to include section 1915(g), a non-merits related screening device which precludes prisoners with three or more "strikes" from proceeding in forma pauperis unless they are under imminent danger of serious physical injury. 28 U.S.C. § 1915(g); Andrews v. Cervantes, 493 F.3d 1047, 1050 (9th Cir. 2007). The statute provides that "[i]n no event shall a prisoner bring a civil action … under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

### III.

### DISCUSSION

Plaintiff complains that his Eighth and Fourteenth Amendment rights are being violated because non-violent third-strike inmates are being wrongfully excluded from early parole consideration under Title 15 of the California Code of Regulations, §§ 3940-3943. Plaintiff asserts that California Department of Corrections and Rehabilitation Secretary Scott Kernan wrongfully promulgated these regulations, and that they are inconsistent with Proposition 57 as voted for by the People of California. Plaintiff asserts that his due process and equal protection rights are being violated.

As a threshold issue before turning to whether the PLRA applies to this case, the Court must examine whether Plaintiff's claim is properly brought in a civil rights action, pursuant to 42 U.S.C. § 1983, rather than in a petition for writ of habeas corpus. In this case, a finding in Plaintiff's favor, i.e., that he was wrongly found ineligible for parole consideration, would not necessarily impact the duration of his confinement. Therefore, his claim falls outside of the core of habeas corpus, and is properly brought in a civil rights complaint. See Nettles v. Grounds, 830 F.3d 922, 934-35 (9th Cir. 2016) (en banc).

Turning to the application of the PLRA in this matter, the Court finds that Plaintiff has incurred three or more strikes under section 1915(g) prior to filing this lawsuit. The Court takes judicial notice of the following cases: Olivier v. Freeh, No. 2:96-cv-0052-RTR (E.D. Wis. Jan. 16,

2

1996) (dismissed as frivolous); Olivier v. City of Los Angeles, No. 07-cv-3019-JWJ (C.D. Cal. May 9, 2007) (dismissed as legally and/or factually patently frivolous); and Olivier v. County of Los Angeles, No. 07-cv-2961-JFW (JWJ) (C.D. Cal. June 7, 2007) (dismissed as frivolous).[1]

The issue now becomes whether Plaintiff has met the imminent danger exception, which requires Plaintiff to show that he is under (1) imminent danger of (2) serious physical injury and which turns on the conditions he faced at the time he filed his complaint on September 21, 2017. Andrews, 493 F.3d at 1053-1056. Conditions which posed imminent danger to Plaintiff at some earlier time are immaterial, as are any subsequent conditions. Id. at 1053. While the injury is merely procedural rather than a merits-based review of the claims, the allegations of imminent danger must still be plausible. Id. at 1055.

The Court further finds that Plaintiff's complaint allegations do not meet the imminent danger exception. Andrews, 493 F.3d at 1053. Plaintiff has not shown that he is at risk of any serious physical injury. Rather, he seeks a hearing related to his parole eligibility. Accordingly, Plaintiff is ineligible to proceed in forma pauperis in this action, and he should be required to pre-pay the $400 filing fee to proceed in this case.

## IV.

## RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 9) be denied; and

2. Plaintiff be required to pay the $400.00 filing fee within thirty (30) days of service of the Court's order adopting these Findings and Recommendations.

///

---

[1] The Court also takes judicial notice of the following actions: Olivier v. P.D. Brazelton, et al., No. 1:14-cv-00536-AWI-BAM-PC (Sept. 30, 2015) (revoking Plaintiff's IFP status on grounds that Plaintiff had accrued three strikes and his pleading did not satisfy the "imminent danger" exception outlined in 28 U.S.C. § 1915(g)); Olivier v. Klee, No. 13-17129 (9th Cir. 2014) (granting motion to revoke IFP status based on finding Plaintiff had three or more prior actions or appeals dismissed as frivolous, malicious or for failure to state a claim); Olivier v. Cate, No. 14-15467 (9th Cir. 2014) (denying application to proceed IFP based on finding that appeal was frivolous); Olivier v. Dunstan, No. C-13-2954-PJH-PR (N.D. Cal. 2014) (following revocation of IFP status, court dismissed action after Plaintiff failed to pay filing fee); Olivier v. Gonzales, No. 14-16658 (9th Cir. 2014) (denying application to proceed IFP because district court correctly determined that Plaintiff had three or more prior actions or appeals dismissed as frivolous, malicious or for failure to state a claim).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 13, 2017**

UNITED STATES MAGISTRATE JUDGE