UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE P. OLIVIER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SCOTT KERNAN,<br><br>　　　　　Defendant. | No. 1:17-cv-01367-DAD-SB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S REQUEST TO PROCEED IN FORMA PAUPERIS<br><br>(Doc. Nos. 9, 14) |

Plaintiff Maurice P. Olivier is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 16, 2017, the assigned magistrate judge issued findings and recommendations recommending that plaintiff's motion to proceed *in forma pauperis* be denied. (Doc. No. 14.) The findings and recommendations were served on plaintiff and contained notice that objections thereto were due within thirty days. (*Id.* at 4.) On November 14, 2017, plaintiff filed timely objections. (Doc. No. 15.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including plaintiff's

1

objections, the court finds the findings and recommendations to be supported by the record and by proper analysis.

As the magistrate judge correctly concluded, plaintiff has on at least three prior occasions[1] brought an action that was dismissed on grounds that he failed to state a claim upon which relief may be granted, that the action was frivolous, or that the action was malicious. *See* 28 U.S.C. § 1915(g). Plaintiff objects that the allegations of his complaint that he was wrongfully found ineligible for parole consideration demonstrate an imminent danger of serious physical injury because the error in the parole consideration determination affects prison overcrowding. Even accepted as true, general allegations of prison overcrowding without more do not show an imminent danger of serious physical injury to plaintiff at the time he filed this action. *See Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007); *see also Campos v. Scholtz*, No. 17-1895 (JBS-JS), 2017 WL 3736663, at *2 (D.N.J. Aug. 30, 2017) (finding that plaintiff's complaint alleging overcrowding and an excessive number of lock-downs did not amount to imminent danger of serious physical injury); *but see Edmond v. Epps*, No. 3:13-cv-928-CWR-FKB, 2014 WL 10500726, at *1 n.4 (S.D. Miss. Mar. 17, 2014) (declining to revoke plaintiff's IFP status because plaintiff's complaint alleged that prison overcrowding placed him in imminent danger of serious physical injury because he had been exposed to and contracted tuberculosis.").

/////

---

[1] *See Olivier v. Freeh*, No. 2:96-cv-0052-RTR (E.D. Wis. Jan. 16, 1996) (dismissed as frivolous); *Olivier v. City of Los Angeles*, No. 07-cv-3019-JWJ (C.D. Cal. May 9, 2007) (dismissed as legally and/or factually patently frivolous); and *Olivier v. County of Los Angeles*, No. 07-cv-2961-JFW (JWJ) (C.D. Cal. June 7, 2007) (dismissed as frivolous); *see also Olivier v. P.D. Brazelton*, et al., No. 1:14-cv-00536-AWI-BAM-PC (Sept. 30, 2015) (revoking Plaintiff's IFP status on grounds that Plaintiff had accrued three strikes and his pleading did not satisfy the "imminent danger" exception outlined in 28 U.S.C. § 1915(g)); *Olivier v. Klee*, No. 13-17129 (9th Cir. 2014) (granting motion to revoke IFP status based on finding Plaintiff had three or more prior actions or appeals dismissed as frivolous, malicious or for failure to state a claim); *Olivier v. Cate*, No. 14-15467 (9th Cir. 2014) (denying application to proceed IFP based on finding that appeal was frivolous); Olivier v. Gonzales, No. 14-16658 (9th Cir. 2014) (denying application to proceed IFP because the district court correctly determined that Plaintiff had three or more prior actions or appeals dismissed as frivolous, malicious or for failure to state a claim); *Olivier v. Dunstan*, No. C-13-2954-PJH-PR (N.D. Cal. 2014) (dismissing action after plaintiff failed to pay filing fee after revocation of his IFP status).

Accordingly,

1. The October 13, 2017 findings and recommendations (Doc. No. 14) are adopted in full;
2. Within twenty-one days from the date of service of this order, plaintiff shall pay in full the $400.00 filing fee; and
3. Plaintiff's failure to comply with this order shall result in the dismissal of this action.

IT IS SO ORDERED.

Dated: **December 20, 2017**

UNITED STATES DISTRICT JUDGE